UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY PERKINS, )<br>           Plaintiff, )<br>           )<br>  vs. )<br>           )<br>ASSOCIATED ROOFING PROFESSIONALS, )<br>    et al., )<br>           )<br>           Defendants. ) | Case No. 2:15-cv-00336-WTL-WGH |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

### I.  Screening

The plaintiff, Corey Perkins ("Mr. Perkins"), is incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). He brings this civil rights complaint naming four defendants: 1) Associated Roofing Professionals (ARP"); 2) Superintendent Dick Brown; 3) Dr. Byrd; and 4) Health Services Administrator Kim Hopson. He seeks compensatory and punitive damages and that the prison provide every medical tool necessary to diagnose and properly treat his knee injury.

The plaintiff has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ▪ 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### *Insufficient Claims*

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). Private persons "may not be sued for merely private conduct, no matter how discriminatory or wrongful." *Id.* at 746 (internal quotation omitted). Defendant ARP is alleged to have contracted with the Indiana Department of Correction to replace portions of the prison housing unit roofs. Mr. Perkins alleges that on May 16, 2015, the newly worked on roof leaked and when he walked into the dayroom, he stepped into the standing water and fell, hurting his back and knee. He alleges that ARP either improperly installed the roof or did not complete work on that portion of the roof before moving on to a different section.

The Court need not determine whether ARP could be treated as a state actor based on a contract between it and the State of Indiana because, at best, the allegations against ARP amount to negligent work. This is not sufficient to state a federal civil rights claim against that entity.

*Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983). The claim against ARP is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Perkins' allegation against Superintendent Brown is that as Superintendent, he is responsible for the health and welfare of all inmates at Wabash Valley and for the civilian contractors that work at the prison. The Superintendent is named in this action because of his supervisory position. He is not alleged to have been aware of any negligent work before Mr. Perkins' fall, nor is he alleged to have been aware of any dangerous condition but failed to have it addressed. Without personal participation and knowledge, however, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). The claim against Superintendent Brown is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Perkins alleges that Nurse Kim Hopson is the Health Service Administrator at Wabash Valley. One of her responsibilities is to respond to grievances. In response to Mr. Perkins' grievance, Nurse Hopson responded that "per the statement above, the offender's condition is being treated." Mr. Perkins alleges that Nurse Hopson became aware of his serious medical need and became compliant with Dr. Byrd's deliberate indifference in failing to order an MRI to obtain a proper diagnosis and failing to correct the problem. Nurse Hopson is not alleged to have participated in any treatment for Mr. Perkins' sore knee. If a prison official ignores, mishandles, or denies a prisoner's grievance, but did not cause or otherwise participate in the underlying

conduct, that does not state a claim under section 1983. *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (internal citations omitted). The claim against Kim Hopson is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue as to the dismissal of the above claims.

### *Claims Against Dr. Byrd*

Mr. Perkins alleges that although he saw Dr. Byrd several times and received a cane for a week, a knee brace, pain medications, an x-ray, and a Cortisone injection in his knee, Dr. Byrd denied his request to order an MRI and diagnose what was causing the pain in his knee after the x-ray showed no break or tear (and also showed that he had arthritis in the knee). Mr. Perkins alleges that his pain continued from May 16, 2015, until September 25, 2015, when Dr. Byrd provided a Cortisone injection. Mr. Perkins alleges that the injection merely masked the pain and did not fix the injury.

Mr. Perkins alleges delays in providing stronger pain medication when Dr. Byrd "forgot" to order the medication on May 27, 2015, but that portion of the claim is grounded on mere negligence, which does not support a claim of deliberate indifference. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) ("Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment."); *Harper*, 400 F.3d at 1065. Any stand alone claim that Dr. Byrd forget to order a stronger pain medication is **dismissed here for failure to state a claim upon which relief can be**

granted. This ruling does not prohibit the consideration of all facts regarding Dr. Byrd's treatment of the injury in resolving the claim of deliberate indifference that shall proceed.

It is a close call as to whether the remaining allegations--concerning the denial of an MRI and not re-issuing a cane or crutches when the physician knew Mr. Perkins was in pain--against Dr. Byrd support of claim of deliberate indifference. Liberally construing them in favor of Mr. Perkins, however, compels a finding that a plausible claim has been alleged. This Eighth Amendment claim against Dr. Byrd shall proceed.

## II. Further Proceedings

The Eighth Amendment claim discussed above against Dr. Byrd is the only claim that shall proceed in this action.

If the plaintiff believes that the Court misidentified any claim or that he asserted any additional claims which were not discussed in this Entry he should notify the Court of this fact by no later than **January 15, 2016.**

## III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Dr. Byrd in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 28, 2015 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk shall update the docket** to reflect the dismissal of defendants Associated Roofing Professionals, Superintendent Dick Brown, and Kim Hopson.

**IT IS SO ORDERED.**

Date: 12/7/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Corey Perkins
#194799
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Dr. Byrd
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500