UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY PERKINS, )<br>             Plaintiff, )<br> )<br>     vs. )<br> )<br>DR. BYRD, )<br>DR. MANDIP BARTLES, )<br>             Defendants. ) | Case No. 2:15-cv-00336-WTL-MJD |

**Entry Granting Plaintiff's Motion for Medical Injunction**

On May 16, 2015, plaintiff Corey Perkins ("Mr. Perkins") slipped in water on the floor while incarcerated at the Wabash Valley Correctional Facility, causing pain to his back and right knee. He seeks preliminary injunctive relief in the form of an MRI and an appointment with a "consultant" at the Terre Haute Regional Hospital to obtain a proper diagnosis, and a commitment to the treatment plan prescribed by the consultant. Defendant Dr. Byrd has opposed the motion for preliminary injunctive relief and has submitted Mr. Perkins' medical records. Mr. Perkins has replied.

To succeed in obtaining preliminary injunctive relief, the plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm if preliminary relief is not granted, that the balance of equities tips in his favor, and that it is in the public interest to issue an injunction. *United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The movant bears the burden of proving his entitlement to such relief. *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The underlying claim in this action is whether the defendants have been deliberately indifferent to Mr. Perkins' knee injury and pain. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014).

 Dr. Byrd does not dispute Mr. Perkins' claim that Dr. Byrd does not have a license to dispense controlled substances. Dr. Byrd states that other doctors, or the Regional Medical Director, however, are able to dispense controlled substances if they are needed.

Mr. Perkins alleges that he is in constant pain and walks with a limp to and from chow, to and from work, in the housing unit, and at work. Dkt. 35, p. 4. In response to the motion for preliminary injunctive relief, Dr. Byrd insists that Mr. Perkins does not have any issues walking. As recently as February 4, 2016, Mr. Perkins was seen by nursing staff in response to his complaints of knee pain. The nursing note recites that "Offender walks without difficulty. States he just wants to be able to run and jump. Knee examined by MD." Dkt. 34-2, p. 35. Mr. Perkins denies making such a statement to the nurse. He denies playing basketball. Dr. Byrd admits that if Mr. Perkins did have ligament damage, he would not be able to walk without pain. Dr. Byrd has told Mr. Perkins he does not have ligament damage so an MRI is not necessary. Dr. Byrd contends that Mr. Perkins does not need crutches or a cane or knee brace because he has no issues walking. As noted, Mr. Perkins maintains that he has pain when he walks, causing him to limp.

It is true that inmates may not demand specific treatment or the best care possible, but it is also true that they are "entitled to reasonable measures to meet a substantial risk of serious harm." *Arnett,* 658 F.3d at 754. "A significant delay in effective medical treatment [] may support a claim of deliberate indifference especially whether the result is prolonged and unnecessary pain." *Berry v. Peterman,* 60-4 F.3d 435, 441 (7th Cir. 2010). "The decision of a medical professional to do nothing, even though she knows that a patient has a serious medical condition requiring prompt treatment that the professional is capable of and responsible for providing, amounts to deliberate indifference." *Dobbey v. Mitchell-Lawshea,* 806 F.3d 938, 940 (7th Cir. 2015). To meet the deliberate indifference standard, "a prisoner is not required to show that he was literally ignored." *Conley v. Birch,* 796 F.3d 742, 748 (7th Cir. 2015) (internal quotation omitted). Even if "some minimal treatment" is provided, a plaintiff may still show deliberate indifference. *Id.* "[A] doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition can still amount to deliberate indifference for purposes of the Eighth Amendment." *Berry,* 604 F.3d at 441 (internal quotation omitted).

The Court finds that Mr. Perkins knows more about whether he is in severe pain and whether he is able to walk without pain than does Dr. Byrd. If Mr. Perkins does, in fact, have some torn ligaments or torn cartilage or other conditions that do not show up on an x-ray, there appears to be no plan in place to determine the cause of his pain or extent of any knee damage or the proper treatment. The parties have come to a standstill. Although Mr. Perkins has complained of knee pain for months, with some relief provided by an injection last year, Mr. Perkins has recently submitted a health care request complaining of pain, and Dr. Byrd has told him he can walk without pain and needs no further treatment or accommodation.

Mr. Perkins is suffering unnecessary pain if a different approach and treatment could diagnose the cause of his pain and alleviate it. Dr. Byrd will suffer no harm if he refers Mr. Perkins to an outside physician/specialist. It is in the public interest to provide reasonable medical treatment for prisoners who complain of severe pain when "no further treatment" has been ordered. Under these circumstances, the balance of equities tip in favor of Mr. Perkins.

Accordingly, Mr. Perkins' motion for preliminary injunctive relief [dkt. 25] is **granted to the extent that Dr. Byrd, or his designee with the authority to do so, shall refer Mr. Perkins to an outside orthopedic specialist** to examine and evaluate Mr. Perkins' right knee. The Court **denies** Mr. Perkins' request for specific pain medications and MRI, and leaves whatever treatment, if any, is appropriate, to the determination of the specialist. The specialist shall be given a copy of this Entry.

Dr. Byrd or his designee shall **report not later than April 11, 2016,** that the referral has been made and an appointment has been scheduled as promptly as reasonably possible, taking into account the specialist's schedule. If the specialist determines than an MRI is necessary to properly diagnose the problem, it shall be provided. The specialist's treatment plan shall be followed.

**IT IS SO ORDERED.**

Date:  3/30/16

Distribution:

Corey Perkins, #194799
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana