UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY PERKINS,              )  | |
|         Plaintiff,     ) | |
| )  | |
| vs.                         )  | Case No. 2:15-cv-00336-WTL-MJD |
| )  | |
| DR. BYRD,                   )  | |
| DR. MANDIP BARTLES,         )  | |
|         Defendants.    )  | |

**Entry on Plaintiff's Motion for Declaratory Relief and Motion to Compel**

**I. Motion for Declaratory Relief**

Based on the determination by prison physician Dr. Byrd that no further treatment was needed to address the plaintiff's continuing knee pain, in the Entry of March 30, 2016, the Court granted the plaintiff's motion for preliminary medical injunction and stated as follows:

> Dr. Byrd, or his designee with the authority to do so, shall refer Mr. Perkins to an outside orthopedic specialist to examine and evaluate Mr. Perkins' right knee. The Court **denies** Mr. Perkins' request for specific pain medications and MRI, and leaves whatever treatment, if any, is appropriate, to the determination of the specialist.

Dkt. 39, p. 4.

In response to the Court's order, the plaintiff was referred to and seen by an orthopedic specialist, Dr. Madsen, on May 2, 2016.

On June 27, 2016, the plaintiff filed a motion for declaratory relief and damages. In that motion, he requests that the Court find the defendants in contempt for stating that they will not necessarily comply with all of Dr. Madsen's recommendations. He also sought an award of $119.00 for each day he was not provided the Tramadol that Dr. Madsen prescribed. The Court agrees with the defendants in finding that the plaintiff's motion for declaratory relief is in

substance a motion to compel compliance with the Court's prior order, and that a declaratory judgment is not appropriate under these circumstances. For this reason, the plaintiff's motion for declaratory relief [dkt. 65] is **denied.**

## II.  Motion to Compel

On July 1, 2016, the plaintiff filed a motion to compel which also requests an order directing the defendants to comply with the Court's order of March 30, 2016. Specifically, he argues that the defendants must provide the medication prescribed by Dr. Madsen and send the plaintiff back to Dr. Madsen for a follow-up appointment.

The plaintiff contends that the defendants have failed to provide the "follow-up" recommended by Dr. Madsen. Dkt. 84, p. 4. He interprets Dr. Madsen's "follow-up" notation as meaning that he was supposed to have a second appointment with Dr. Madsen. Although the Court agrees that it would have been reasonable to send the plaintiff back to Dr. Madsen after the MRI, Dr. Madsen's report specifies that the follow-up he recommended was an MRI and Tramadol. *Id.* In fact, the plaintiff had an MRI and Tramadol was prescribed.

Instead of sending the plaintiff back to Dr. Madsen after the MRI was completed, however, the defendants sent the plaintiff to a second orthopedist on July 15, 2016. This physician recommended a diligent course of physical therapy and Meloxicam, a non-steroidal anti-inflammatory drug ("NSAID"). Dkt. 86-1, p. 6. The plaintiff was also offered a corticosteroid injection but he declined. *Id.*

Although the plaintiff was not seen again by Dr. Madsen, the defendants report that after the MRI was taken Dr. Madsen recommended surgery due to the plaintiff's thinning ACL. The defendants further report that Dr. Madsen did not specify the cause of the plaintiff's condition or

state why he recommended surgery. Any post-MRI report from Dr. Madsen is not part of this record, nor have the defendants sought any further clarification from him.

What appear to be the major disputed points presented by the motion to compel are the type and duration of medications prescribed and whether or not surgery should be provided. Before proceeding further with that discussion, to clear up any misunderstanding on the part of the plaintiff, the Constitution does not mandate that he be restored "back to his pre-incident health." Dkt. 81, p. 6. He is entitled to "reasonable measures to meet a substantial risk of serious harm." *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011). What is "reasonable" with respect to the defendants' conduct prior to the filing of this lawsuit must be decided based on professional judgments and standards and is the ultimate issue in this action, one that will not be decided on this ancillary motion.

With respect to medication, the parties disagree as to whether the Tramadol prescribed by Dr. Madsen was given to the plaintiff for two weeks or three, but the record has no medication dispensation report. Therefore, the Court cannot determine precisely how many pills were prescribed and if the prescription was given in its entirety. If Dr. Madsen's prescription was specific in duration, *the plaintiff is entitled to that medication under the Court's March 30, 2016, Entry.* The Court's Entry, however, shall not be construed to place all future medical decisions relating to the treatment of plaintiff's knee solely in the hands of Dr. Madsen, nor does it mean that the plaintiff is entitled to Tramadol indefinitely.

In addition, the plaintiff points out that the medication (Meloxicam) prescribed by the second physician, Dr. Mullis, dkt. 86-1, pp. 4 and 6, was not provided by the prison. (The Court relies on the chart purportedly dictated by Dr. Mullis in concluding that Meloxicam was prescribed, not on the inconsistent Provider Consultation Report which shows the word

"Naproxen" crossed out and "Ibuprofen 800 mg" written next to it. Dkt. 86-1, p. 2). Rather, the prison continued him on Ibuprofen, another NSAID. If Ibuprofen provides no relief, which only the plaintiff can say, then his complaints of pain are not being reasonably addressed. Both Meloxicam and Ibuprofen are NSAIDs, and there is no evidence of record why Meloxicam was not provided or whether it could provide better relief for the plaintiff's particular condition(s). It is significant that both outside physicians have recommended pain medication, but the plaintiff reports he has been denied all pain medication since May 21, 2016. If the plaintiff is not receiving a prescribed medication, and he is currently reporting that he is in pain, **the defendants shall rectify this immediately.** The defendants shall comply with the recommendations of Dr. Madsen (if the Tramadol was not provided in its entirety) and Dr. Mullis in terms of providing the prescribed pain medication (or one that the prescribing physician determines is equivalent in effectiveness). In this respect, the plaintiff's motion to compel compliance [dkt. 84] is **granted.**

With respect to surgery, based on this record, it is not apparent that the plaintiff is being denied medically necessary surgery. In this respect, the plaintiff's motion to compel compliance [dkt. 84] is **denied.**

Consistent with the foregoing, the Court will not entertain dueling experts at this time. The parties may use the information gathered and the different approaches to treatment in fashioning a resolution of this action. The Court reminds the parties again that the issue in this case is whether the defendants were deliberately indifferent to the plaintiff's serious medical needs, including pain, before this action was filed.

The plaintiff has obtained the extraordinary preliminary relief of additional treatment as ordered by the Court. With the exception of the issue of medication discussed above, it is not the

Court's role to monitor the plaintiff's future medical treatment outside the scope of his claims in this action.

**IT IS SO ORDERED.**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/15/16

Distribution:

Corey Perkins, #194799
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel